IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA

           Plaintiff,

Vs.                                                  No. 04-40001-01/02-SAC

MARIANO BEDOLLA, and
FELIPE BEDOLLA-IZAZAGA,

           Defendants.

MEMORANDUM AND ORDER

This case comes before the court on defendant Mariana Bedolla's motion in limine.[1]

**Bank transaction**

Defendant first asks the court to exclude all reference to the fact that defendant Mariano Bedolla and defendant Felipe Bedolla Izazaga went to the Bank of America on December 4, 2003, at which time defendant Felipe Bedolla Izazaga deposited $4,000 in cash into the account of Angel Mogne Viernos. Defendant contends that such evidence is irrelevant because it was unrelated to the controlled

---

[1] At a recent status conference, counsel for defendant Felipe Bedolla-Izazaga noted his intent to join this motion, but no motion to join has been filed. Had such a motion been filed and granted, the court's ruling would be the same as to defendant Felipe Bedolla-Izazaga.

delivery which occurred that same day and is prejudicial.  Defendant states no legal authority in support of his motion.

The government admits that this bank transaction occurred immediately after a controlled delivery of $500 in marked bills to Felipe Bedolla Izazaga, and further admits that none of the marked money was included in the bank deposit which is the subject of this motion.  The government contends that this evidence is relevant because it shows that defendants deposited a significant amount of cash for which they appear to have no legitimate explanation, and are thus probative of defendants' participation in drug trafficking.  *See e.g. United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991)(items such as large sums of cash are generally viewed as "tools of the trade" and are probative of an accused's participation in drug distribution offenses).  The government further asserts that to the extent surveillance photographs place defendants in Emporia on the day of the controlled transaction, they corroborate the identification of the defendants as those to whom the marked funds were delivered.

The court agrees that the testimony and evidence of the bank transaction on December 4, 2003 is relevant, has probative value and that its evidentiary value is not outweighed by any prejudicial effect.

**Organized crime references**

Defendant next asks the court to preclude the prosecutor from using phrases such as "The Bedolla Organization," and "The Bedolla Family." Defendant admits that these two defendants are brothers, but asserts that such phrases are prejudicial because they will give the jury the impression that defendants are members of some type of "Mafia" or organized crime group.

The government asserts that the facts at trial will show that defendants are indeed members of an organized drug distribution ring, and thus are participants in "organized crime."

The court recognizes that under some circumstances, references to one's association or membership in a group may be appropriate. *Cf. United States v. Hartsfield*, 976 F.2d 1349, 1352 (10th Cir.1992) (holding trial court did not abuse its discretion in admitting evidence of defendant's gang membership where the record demonstrates the probative value in showing the basis of defendant's relationship to another person, and the existence of the conspiracy.)  However, the court lacks knowledge of what the facts to be presented at this trial may be, and finds that any pretrial ruling upon this motion would be premature.  Counsel are instructed not to use the phrase "The Bedolla Organization" or "The Bedolla Family" in opening statements or until evidence is presented at trial showing that such an organization or group exists, that these defendants belonged to such a

group, and that such evidence has probative value in this case. The court will then determine whether the balance of competing interests required by Rule 403 favors the admission of such evidence.

IT IS THEREFORE ORDERED that defendant's motion in limine is denied with respect to the bank transaction, and is taken under advisement as to the prosecutor's references to "The Bedolla Organization" and "The Bedolla Family."

Dated this 1st day of March, 2005.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge