IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                No.  04-40001-01-SAC

MARIANO BEDOLLA,

        Defendant.

MEMORANDUM AND ORDER

       The case comes on for sentencing of the defendant following the jury's guilty verdict returned March 21, 2005, in which the defendant was convicted of one count of conspiracy to distribute methamphetamine, one count of using a communication facility to facilitate a drug offense, one count of possession with intent to distribute methamphetamine, and one count of making a building available for the purpose of using, storing or distributing a controlled substance.  The presentence report ("PSR") recommends a base offense of 38 pursuant to U.S.S.G. § 2D1.1(c)(1) on a finding that the offense involves 1.8 kilograms of actual methamphetamine and a two-level enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1).  With a total offense level of 40 and a criminal history category of one, the sentencing table calls for a

sentence of 292 to 365 months.

The PSR addendum discusses the defendant's three unresolved objections.  The defendant submits a sentencing memorandum in support of those objections.  The objections challenge certain facts appearing in the PSR, the finding on the amount of methamphetamine involved, and the enhancement for possession of a firearm.

**OBJECTION NO. 1**:  The defendant objects to ¶ 28 which summarizes information taken from law enforcement reports concerning what one confidential informant, Frankie Granado, told officers about Mariano Bedolla.  The defendant also objects to ¶ 49 which refers to officers' trial testimony about what Frankie Granado told them of his dealings with Mariano Bedolla.  The defendant argues that Frankie Granado did not testify at trial and that Frankie Granado's statements were not admitted at trial to prove the truth of what is said in those statements.  The defendant objects to ¶ 36 denying that the evidence at trial showed he drove Felipe Bedolla to Rene Granado's house on December 4, 2003.  The defendant further objects that this fact is inaccurate.

**Ruling**:  The court overrules the defendant's objections to ¶¶  28 and 49. The court's notes from trial reflect that on one or more occasions officers testified without objection or limitation about the contents of their written reports and,

2

specifically, about what Frankie Granado had told them of his dealings and contacts with Mariano Bedolla. The court also overrules the defendant's objection to ¶ 36. Detective Risley testified at trial that he saw the driver on December 4, 2003, and later identified the driver to be Mariano Bedolla.

**OBJECTION NO. 2**: The defendant objects to the PSR's recommended finding that 1.8 kilograms of actual methamphetamine are involved in this case. The defendant points to the jury's verdict which addresses only smaller amounts of methamphetamine. The defendant also challenges as speculative the testimony on the drug amounts transported in the California trips and the testimony extrapolating drug amounts from the buckets of cutting agent.

**Ruling**: "When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence." *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citing *United States v. Easterling*, 921 F.2d 1073, 1078 (10th Cir. 1990), *cert. denied*, 500 U.S. 937 (1991)), *cert. denied*, 525 U.S. 988 (1998). Under § 2D1.1, "[t]he Government has the burden of proving the quantity of drugs by a preponderance of the evidence" *United States v. Gigley*, 213 F.3d 509, 518 (10th Cir. 2000), and the "evidence relied upon must possess a minimum indicia of reliability," *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir. 1998). The Sentencing

3

Guidelines "permit a court to consider all 'relevant conduct' when determining the base offense level for someone convicted of an offense." *United States v. Asch*, 207 F.3d 1238, 1243 (10th Cir. 2000) (citations omitted).  Under U.S.S.G. § 1B1.3(a)(2), offenses which are groupable under U.S.S.G. § 3D1.2(d) are part of a defendant's relevant conduct if they are part of the same course of conduct or common scheme or plan as the count of conviction.  *United States v. Moore*, 130 F.3d 1414, 1416 (10th Cir. 1997).

Paragraph fifty-two of the PSR summarizes and totals the different quantities of methamphetamine actually recovered during controlled purchases with the defendant and co-conspirators or seized during the searches of the defendant's and co-conspirators' residences.  The defendant lodges no objection to this paragraph or to the accuracy of this calculation.  From the evidence at trial, the court finds that the defendant and the conspiracy with which he was charged and convicted were the sources of the methamphetamine distributed in these controlled purchases or found at the different residences.  The court further finds that these other transactions and seized drugs constitute relevant conduct in being part of the same course of conduct or common scheme or plan as the counts of conviction.  The court finds that the 699.58 grams of actual methamphetamine summarized in paragraph fifty-two is to be considered in calculating the base offense level.

4

The court, however, sustains the defendant's objection to the PSR's finding that the base offense level should be based on Juan Carlos Verducco-Camarena's testimony about the number of trips to California and on the number of buckets of cutting agent found at the different residences.  The court recalls the testimony on the number of California trips and the amount of drugs believed to have been transported on each trip.  The court's impression of that testimony is that it lacks the indicia of reliability on which to base a finding of relevant conduct. The testimony was uncertain and inconsistent on the timing and number of trips to California, and cross examination successfully revealed weak inferences underlying the testimony.  As for the cutting agent buckets, the evidence at trial did not persuade the court that each bucket was necessarily linked to the charged conspiracy.  Thus, the court accepts the finding of 699.58 grams of actual methamphetamine laid out in paragraph fifty-two as the more accurate determination of quantity based on the reliable evidence at trial and accordingly reduces the base offense level from 38 to 36.

**OBJECTION NO. 3**:  The defendant objects to a firearm enhancement recommended for the .380 caliber Lorcin pistol recovered in the search of co-defendant Eloy Rosas Salinas's residence.  The defendant argues the trial testimony was that Rosas Salinas had no dealings with Mariano Bedolla, that Mariano had

5

never been to Rosas Salinas's residence, and that Rosas Salinas had the gun only because he wanted it. The defendant further contends that Rosas Salinas told officers that he did not use the gun for protection or for any drug dealing.

**Ruling**: Section 2D1.1(b)(1) provides: "If a dangerous weapon was possessed (including a firearm), increase by 2 levels." The application notes explain that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3). The term, "offense," is defined under the guidelines as the "conviction and all relevant conduct under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 1B1.1 comment. (n. 1(H)). Thus, in determining whether to apply a sentence enhancement, the district court must consider all relevant conduct. *See United States v. Washington*, 11 F.3d 1510, 1516 (10th Cir. 1993) (citing U.S.S.G. § 1B1.3), *cert. denied*, 511 U.S. 1020 (1994).

The government bears the initial burden of proving possession by a preponderance of the evidence. *United States v. Smith*, 131 F.3d 1392, 1400 (10th Cir. 1997), *cert. denied*, 522 U.S. 1141 (1998). This burden may be satisfied by showing that there is a temporal and spatial relationship between the weapon, the drug trafficking activity, and the defendant. *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001), *cert. denied*, 534 U.S. 1117 (2002). The necessary

6

nexus between the weapon, drug trafficking and defendant may be established by showing that "the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (internal quotation omitted), *cert. denied*, 525 U.S. 1092 (1999). This nexus determination here entails looking at where the gun was found, where the drugs were stored, and how the residence was used in the drug offense. *See, e.g.*, *United States v. Dickerson*, 195 F.3d 1183, 1188 (10th Cir. 1999); *United States v. Contreras*, 59 F.3d 1038, 1039-40 (10th Cir.1995). In addition, the sentencing court may "attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him." *United States v. McFarlane*, 933 F.2d 898, 899 (10th Cir. 1991). "Once the government establishes that the gun was possessed in proximity to the drugs or transaction, the burden shifts to the defendant to show it is clearly improbable that the weapon was related to the offense." *Flores*, 149 F.3d at 1280 (internal quotation omitted).

The defendant lodges no objection to the facts appearing in ¶ 42 or to that being part of the relevant conduct determination. The court understands the defendant is objecting that those facts and that the evidence offered at trial are not a factually sufficient basis for a firearm enhancement. The court will wait until the

7

sentencing hearing to hear whatever arguments and evidence the parties intend to offer with regards to this enhancement.  The defendant's third objection to the PSR is taken under advisement.

IT IS THEREFORE ORDERED that the defendant's first objection to the PSR is overruled, his second objection is sustained, and his third objection is taken under advisement.

Dated this 21st day of July, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge