IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                                            No.  04-40001-01-SAC

MARIANO BEDOLLA,

          Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's motion requesting an extension of time to file his first motion for relief under 28 U.S.C. § 2255, for an order directing his counsel, Michael Highland, to comply with the court's prior order, and for appointment of counsel to assist him in the preparation of his § 2255 motion.  (Dk. 368).  The government filed no response to this motion.  In April of this year, the defendant filed a motion for extension of time and for an order directing his counsel to turn over transcripts of the trial and sentencing and the government's motions and plea offers.  (Dk. 366).  The court denied the request for an extension as the defendant had wrongly calculated the one-year limitation period which would not expire for another three months.  The court did grant the

defendant's request for his former counsel to provide transcripts and selected documents. (Dk. 367).

Now the defendant again asks the court to extend the one-year limitation period until December of 2008, as his former counsel has yet to comply with the court's order to provide the defendant with transcripts and documents. While the defendant has filed his motion for extension of time within the one-year limitations period, there remains a question whether the motion is ripe for adjudication. The settled rule is that a motion for extension of time is not ripe until a § 2255 motion has been filed:

> In *United States v. Leon*, 203 F.3d 162 (2nd Cir. 2000), we held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *Id.* at 164. Prior to an actual filing, "there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory." *Id.*; *see also, e.g., United States Nat'l Bank of Or. v. Indep Ins. Agents of Am.*, 508 U.S. 439, 446 (1993) (reaffirming the principle that "a federal court [lacks] the power to render advisory opinions" (quotation marks omitted)).
> Green has not yet filed a section 2255 motion with the district court. We concluded, in *Leon*, that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court and this court may consider his argument that such a petition should be considered timely." 203 F.3d at 164. Ordinarily, therefore, a federal court would not have jurisdiction to consider Green's motion to extend time.

*Green v. United States*, 260 F.3d 78, 82 (2nd Cir. 2001); *see, e.g., United States v. White*, 257 Fed. Appx. 608, 2007 WL 4302418 (4th Cir. Dec. 10,

2007); *United States v. McFarland*, 125 Fed. Appx. 573, 2005 WL 768731 (5th Cir. Apr. 6, 2005) (unpublished). This same approach is followed in this district and has been approved by the Tenth Circuit:

> This court previously held that a motion for extension of time to file a § 2255 motion is not ripe until the defendant actually files a § 2255 motion. *See [United States v.] Housh*, 2002 WL 39873, at *1 [(D. Kan. Feb. 27, 2002)]. Subsequent to *Housh*, the Tenth Circuit, in *United States v. Daniels*, affirmed a district court's dismissal of a motion seeking to file a § 2255 motion out of time. No. 05-3471, 2006 WL 1892584 (10th Cir. July 11, 2006) (unpublished). The court held that the motion was not ripe because it was not an actual § 2255 motion, and similar to *Housh*, would only become ripe when a § 2255 motion had been filed. While *Daniels* is an unpublished decision, because ripeness implicates Article III Section 2 of the United States Constitution, and its reasoning is sound, the court feels constrained to follow *Daniels*. The authority of federal district courts extends only to cases or controversies which Congress has empowered them to hear. To begin with, there is no action or proceeding pending. Defendant's criminal case has ended and she has not filed a motion pursuant to § 2255, thus there is no civil action either.
>
> Although the motion is not ripe for adjudication because a § 2255 motion has not been filed, the court is not constrained to dismiss this motion. When a motion for extension of time is filed without a § 2255 already being filed, the courts have discretion between either dismissing the motion or recharacterizing the motion as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383-84 (2003); *see also United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000).

*United States v. McGoff-Lovelady*, 2008 WL 544237, at *2 (D. Kan. Feb. 22, 2008); *see, e.g.*, *United States v. Verners*, 15 Fed. Appx. 657 (10th Cir. 2001) (unpublished). While he has filed a motion for extension of time, the

defendant has yet to file his actual § 2255 motion.  Thus, the court may dismiss the motion for lack of jurisdiction or recharacterize the motion as a § 2255 motion.

"Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion a *pro se* federal prisoner has labeled differently."  *Castro v. United States*, 540 U.S. 375, 377 (2003).  For example, when a defendant's time for seeking § 2255 relief has expired during the pendency of the defendant's motion for extension of time, the court may liberally construe the defendant's motion for extension to be a § 2255 motion and then notify the defendant of his right to withdraw the motion.  *See, e.g.*, *United States v. McGoff-Lovelady*, 2008 WL 544237 at *3.  The court here does not exercise this option of recharacterizing the defendant's motion for extension of time.  The defendant's time for filing his § 2255 motion has not run, and the defendant should be able to file his § 2255 motion within the time remaining in the limitations period.  The defendant's motion for extension also does not submit to recharacterizing for it fails to describe or even allude to any cognizable § 2255 claims.  Thus, the court is without jurisdiction to grant an extension of time or to appoint counsel.

By reason of its jurisdiction over the criminal case, the court will order Michael Highland to comply with the court's prior order and turn over to the defendant the requested items in counsel's possession.

IT IS THEREFORE ORDERED that the defendant's motion for extension of time to file his motion for relief under 28 U.S.C. § 2255 (Dk. 368) is dismissed for lack of jurisdiction;

IT IS FURTHER ORDERED that Michael Highland shall comply with the court's prior order requiring him to provide the defendant with the requested items in the counsel's possession, and Mr. Highland shall have thirty days from the date of this order to comply.

Dated this 30th day of July, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge