IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                     No.  04-40001-01-SAC

MARIANO BEDOLLA,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's single motion that seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and that further requests that he have until December of 2008 to complete his § 2255 motion and memorandum on his claim of ineffective assistance of counsel.  (Dks. 370 and 371).  The defendant explains the extension is necessary, as he still awaits the legal materials retained by his former counsel but ordered to be produced for the defendant's use.

This is the defendant's third request for an extension of time.  In April of this year, the defendant sought his first extension.  (Dk. 366). Noting the defendant's erroneous calculation of the one-year limitation period, the court denied the extension request but granted the defendant's

motion to have his former counsel provide transcripts and selected documents. (Dk. 367). Approximately two months later, the defendant filed his second request for an extension. (Dk. 368). The court dismissed the defendant's motion finding that it lacked jurisdiction to grant any extension until the defendant actually files a § 2255 motion. (Dk. 369). In one pleading that is docketed as two, the defendant now has filed a motion for relief under § 2255 and a motion for extension of time and appointment of counsel. (Dks. 370 and 371).

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A court may appoint counsel when "the interests of justice so require," 8 U.S.C. § 3006A(a)(2)(b), and a court must appoint an attorney when an evidentiary hearing is required, Rules Governing § 2255 Proceedings for the United States District Courts, Rule 8(c). Having failed to make either showing, the defendant is not entitled to the appointment of counsel.

The court fully expects the defendant's former attorney to have timely complied with the prior order of production. The court will grant the

defendant until November 5, 2008, to file his final motion and memorandum for relief under § 2255.  The defendant should expect that additional requests for extensions of time will not be viewed favorably.

      IT IS THEREFORE ORDERED that the defendant's motion for extension of time to file his full motion and memorandum for relief under 28 U.S.C. §  2255  (Dk. 371) is granted insofar as the defendant will have until November 5, 2008, to file the same;

      IT IS FURTHER ORDERED that the defendant's motion for appointment of counsel (Dk. 371) is denied.

      Dated this 9th day of September, 2008, Topeka, Kansas.

      s/ Sam A. Crow
      Sam A. Crow, U.S. District Senior Judge