IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                            No.  04-40001-01-SAC

MARIANO BEDOLLA,

           Defendant.

MEMORANDUM AND ORDER

        The case comes before the court on the defendant's fifth request for extension of time to file a memorandum in support of his motion for relief under 28 U.S.C. § 2255.  (Dk. 376).  The defendant notes that in December of 2008, his former counsel at the court's direction delivered some of the "legal materials" requested by him.  The defendant indicates that he did not receive a transcript of his sentencing hearing and has written his former counsel requesting it.  The defendant seeks another continuance to March 23, 2009, and asks the court to contact his former counsel about providing this additional transcript.

        The court's docket sheet indicates that no transcript of the defendant's sentencing hearing was ever made.  Consequently, the

defendant's former counsel has no additional transcript to furnish the defendant. For the defendant to obtain a transcript of his sentencing hearing, he must satisfy the following standards.

"Under 28 U.S.C. § 753, an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993). A defendant's claims must be supported by factual allegations, and he must make a "particularized showing" of eligibility for the free transcript. *Id.* at 259-60. A prisoner does not have the right to a free transcript simply to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992); United States v. Battle, 2000 WL 374649 at *1 (D.Kan. Mar. 9, 2000). The naked assertion of ineffective assistance of counsel without supporting factual allegations does not satisfy the requirements of § 753(f). See *United States v. MacCollum*, 426 U.S. 317, 326-27 (1976) (plurality); *Ruark v. Gunter*, 958 F.2d at 319. "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)." *Sistrunk v. United States*, 992 F.2d at 259.

"[S]ection 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Id.* at 260.

The court has no basis for granting a request for the sentencing hearing transcript. The defendant has not come forward with any factual allegations and has not made a particularized showing of need for the transcript of his sentencing hearing. The conclusory allegations of ineffective assistance of counsel found in his bare-bones motion are insufficient.

To provide the defendant with sufficient time to review his other transcripts and file his memorandum, the court will grant the defendant an extension to March 3, 2009, to file his memorandum in support of his § 2255 motion.

IT IS THEREFORE ORDERED that the defendant's motion for extension of time to file his full motion and memorandum for relief under 28 U.S.C. § 2255 (Dk. 376) is granted insofar as the defendant will have until March 3, 2009, to file the same;

IT IS FURTHER ORDERED that the defendant's request for the court to contact his former counsel about a transcript on the sentencing

hearing is denied;

IT IS FURTHER ORDERED that any pending request for the court to pay the costs for a transcript of the sentencing hearing is denied.

Dated this 27th day of January, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge