IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                                                No.  04-40001-01-SAC

MARIANO BEDOLLA,

        Defendant.

MEMORANDUM AND ORDER

The court has granted the defendant five extensions of time to file his full motion and memorandum for relief under 28 U.S.C. § 2255. (Dk. 378). The latest deadline of March 3, 2009, passed without the defendant filing anything. As the record stands, the defendant's only pleading entitled a motion for relief under § 2255 is at docket number 370. The clerk of the court did treat that pleading as a § 2255 motion and opened the civil case No. 08-4096.

As for seeking relief under § 2255, the defendant's motion states only the following:  "The defendant now respectfully requests the Court to grant the defendant until December 2008 to complete his § 2255

motion which one of the main issue that the defendant will be raising is ineffective assistance of counsel once the defendant receive all his legal material from Mr. Highland." (Dk. 370, p. 2). This single conclusory assertion is the entirety of the defendant's request for relief in his § 2255 motion. The defendant has not filed anything to develop or support this blanket allegation.

A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. The court must hold an evidentiary hearing on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n. 1 (10th Cir.1995). The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *cert. denied*, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id.* The

court finds no basis for holding a hearing on the defendant's motion.

In order to establish an ineffective assistance of counsel claim, the defendant must show both that his counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness, and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Deficient performance" is proven by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel's performance "'must have been completely unreasonable, not merely wrong.'" *Barkell v. Crouse*, 468 F.3d 684, 689 (10th Cir. 2006) (quoting *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999), *cert. denied*, 528 U.S. 1167 (2000)). "Prejudice" is proven by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

While the defendant's motion must be construed liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court is "not required to fashion Defendant's arguments for him where his allegations are merely

conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejected several § 2255 arguments for ineffective assistance of counsel as conclusory); *see also United States v. Lopez*, 100 F.3d 113, 120 n. 7 (10th Cir. 1996) (defendant's conclusory statements in his § 2255 motion fail to show a reasonable probability of a different result if counsel had objected).

The defendant's cursory motion does not assert nor even identify any specific performances by his counsel at trial or at sentencing that were deficient. Nor does he come forward with any allegations or proof that he was prejudiced by any deficient performances. The defendant essentially has made no attempt to demonstrate both a deficient performance and prejudice therefrom in order to prevail on a claim of ineffective assistance of counsel. Having offered only a vague conclusory allegation about counsel being ineffective, the defendant's claim of ineffective assistance of counsel is completely without merit. The court has afforded the defendant ample opportunities and time to complete his motion and to submit a memorandum in support. More than two months has passed since the last deadline expired, and the defendant comes forward with nothing to justify any further delays.

IT IS THEREFORE ORDERED that the defendant's motion for relief under 28 U.S.C. § 2255 (Dk. 370) is denied.

Dated this 18th day of May, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge