IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                              No. 04-40001-01-SAC

MARIANO BEDOLLA,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's most recent filing made in his ongoing effort to gather up his "legal documentation." (Dk. 383). In this filing, the defendant attempts to name his defense counsel at sentencing as a party defendant and to have the court enjoin counsel to produce his "legal documentation," in particular the sentencing hearing transcripts. The court construes the defendant's filing as yet another request of the court for a transcript of his sentencing hearing or for an order requiring his counsel to produce any such prepared transcript.

In a filing on January 20, 2009, the defendant disclosed that his counsel had produced "some of his legal material" as ordered by the court but that counsel had not provided the "sentencing transcripts." The

defendant requested a fifth extension of time, as he wanted those sentencing transcripts first before preparing a memorandum in support of his pending § 2255 motion. The defendant also asked the court to contact his counsel about providing this transcript. The court filed an order on January 27, 2009, stating:

> The court's docket sheet indicates that no transcript of the defendant's sentencing hearing was ever made. Consequently, the defendant's former counsel has no additional transcript to furnish the defendant. For the defendant to obtain a transcript of his sentencing hearing, he must satisfy the following standards.

(Dk. 378, pp. 1-2). The court's order then discussed the standards that the defendant would have to meet in order to be eligible for a free transcript of the sentencing hearing. *Id*. at 2-3. The court found:

> The court has no basis for granting a request for the sentencing hearing transcript. The defendant has not come forward with any factual allegations and has not made a particularized showing of need for the transcript of his sentencing hearing. The conclusory allegations of ineffective assistance of counsel found in his bare-bones motion are insufficient.

*Id.* at 3. The court extended the deadline for defendant to file his supporting memorandum, but he filed nothing. Consequently, the court summarily denied his § 2255 motion on May 18, 2009. (Dk. 380). The defendant's filing does not articulate any new legal or factual basis for needing this transcript other than to repeat his same general claim for

2

challenging his conviction and sentence that this court has heard and rejected in prior orders.

The defendant's pending motion similarly does not satisfy the requirements for a free transcript under 28 U.S.C. § 753. The defendant's motion to compel his attorney to provide the transcript is without merit, as the court-appointed attorney does not have the sentencing transcript and is under no ethical duty to obtain one. The defendant's arguments or claims against his attorney are devoid of merit.

IT IS THEREFORE ORDERED that the defendant's motion, complaint, or request for relief (Dk. 383) is denied.

Dated this 11th day of February, 2010, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge