IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                       No. 04-40001-01-SAC

MARIANO BEDOLLA,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Mariano Bedolla's motion for relief from the final judgment entered in his post-conviction proceedings pursuant to Fed. R. Civ. P. 60(b)(6). (Dk. 399).[1] A jury convicted the defendant of four drug-related offenses, including conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. (Dk. 204). The district court sentenced the defendant to a concurrent term of imprisonment of 235 months after it overruled several objections to the presentence report ("PSR"). (Dks. 238, 239, 321, 325, and 390). The defendant appealed his conviction arguing the

---

[1]Attached to the defendant's filing are exhibits with missing pages. The clerk's office docketed the defendant's filing exactly as submitted. The missing pages did not prejudice the court's consideration, as all of the exhibits with missing pages are already part of the record.

district court erred in denying his pretrial motion to suppress. (Dk. 323). The Tenth Circuit affirmed the ruling. (Dk. 364).

From this point, the record shows a lengthy procedural saga that ends with the district court denying the defendant's motion for relief under 28 U.S.C. § 2255 after granting several extensions of time for the defendant to file a motion and then to file his full motion and memorandum for relief. (Dk. 380). The defendant first filed two motions for extension of time to file his § 2255, and both were denied on procedural grounds. (Dks. 366, 367, 368 and 369). The defendant then filed his pleading entitled "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Correct Sentence by a Person in Federal Custody and Motion for Appointment of Counsel and Motion for Extension of Time." (Dk. 370). The court extended the defendant an additional two months to file his full motion and memorandum for relief under 28 U.S.C. § 2255, but it denied his request for appointed counsel. (Dk. 372). The defendant filed another motion for extension saying his former counsel still had not delivered "legal materials" despite the court's earlier orders. (Dk. 373). The defendant filed his last motion for extension of time on January 20, 2009, noting that he had received "legal material" from his former counsel but that it did not include the transcript of his sentencing hearing. (Dk. 376). The court promptly filed an order informing the defendant that no transcript had been made of the hearing and that a certain showing had to be made to obtain this transcript at the court's cost

and this showing had not been made by the defendant's pleadings to date. (Dk. 378). The court did grant an extension to March 3, 2009, to file his memorandum in support of his § 2255 motion. *Id.*

The deadline of March 3rd passed without the defendant filing any memorandum or any further extensions of time. On May 18, 2009, the court entered its order that denied the defendant's pending § 2255 motion:

> The defendant's cursory motion does not assert nor even identify any specific performances by his counsel at trial or at sentencing that were deficient. Nor does he come forward with any allegations or proof that he was prejudiced by any deficient performances. The defendant essentially has made no attempt to demonstrate both a deficient performance and prejudice therefrom in order to prevail on a claim of ineffective assistance of counsel. Having offered only a vague conclusory allegation about counsel being ineffective, the defendant's claim of ineffective assistance of counsel is completely without merit. The court has afforded the defendant ample opportunities and time to complete his motion and to submit a memorandum in support. More than two months has passed since the last deadline expired, and the defendant comes forward with nothing to justify any further delays.

(Dk. 380, p. 4). Over eight months later, the defendant filed a pleading entitled, "Motion, Complaint and Request to Return Legal Documentation" against his former counsel motion seeking, in particular, the sentencing hearing transcript. (Dk. 383). The court construed "the defendant's filing as yet another request of the court for a transcript of his sentencing hearing or for an order requiring his counsel to produce any such prepared transcript." (Dk. 384, p. 1). Noting that no such transcript had been made, that former defense counsel was under no obligation to produce this transcript, and that the defendant's filing did not satisfy the requirements for a free transcript

3

under 28 U.S.C. § 753, the court denied this motion on February 11, 2010. (Dk. 384). A transcript of the sentencing hearing was filed with the court on September 8, 2010. (Dk. 390).[2] The defendant filed his pending Rule 12(b)(6) motion on April 13, 2011. (Dk. 399).

Arguing what he terms to be "extraordinary circumstances," the defendant Bedolla seeks relief from the final judgment on his § 2255 proceeding. His stated issues are: (1) the district court and defense counsel prejudiced the defendant by not providing a sentencing transcript and by denying his § 2255 motion without the defendant's supporting memorandum of law; (2) counsel at sentencing and on appeal were ineffective in not arguing the district court's use of the drug quantity findings and application of the firearm enhancement recommended in the PSR violated *Apprendi*,[3] *Blakely*[4] and *Booker*[5]; and (3) counsel at sentencing were ineffective for failing to argue the different sentencing factors enumerated in 18 U.S.C. § 3553(a) for a departure and variance.

There are statutory limits on second or successive § 2255 motions such that they may "proceed only in specified circumstances and

---

[2]The defendant discloses his sister paid for the transcript of the sentencing hearing. (Dk. 399, p. 18).

[3]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[4]*Blakely v. Washington*, 542 U.S. 296 (2004).

[5]*United States v. Booker*, 543 U.S. 220 (2005).

4

only with a circuit court's prior authorization." *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009). Specifically, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate courts of appeals . . . ." 28 U.S.C. § 2255(h). In 2005, the Supreme Court "clarified that not all 60(b) motions in such proceedings constitute second or successive petitions." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). The holding in *Gonzalez* recognizes a 60(b) motion to be a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief" from the movant's conviction or sentence. *Id*. The Tenth Circuit has defined two categories for a "true" Rule 60(b) motion: "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1215-16; *see also In re Lindsey*, 582 F.3d at 1175.

The defendant's motion may be a "true" Rule 60(b)(6) insofar as it attacks as defects in the prior habeas proceeding the failure to provide a transcript of the sentencing hearing and the denial of his motion without his filing of a supporting memorandum. *See United States v. Morales-Morales*, 222 Fed. Appx. 796, 2007 WL 1180419 (10th Cir. Apr. 23, 2007) ("To the

5

extent he claims he failed to receive pertinent transcripts in time to prepare his first § 2255 motion, we conclude the district court correctly characterized Mr. Morales' motion as a 'true' Rule 60(b) motion." (citation omitted)). Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" *Davis v. Kan. Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." *Id.* at 1248 (internal quotation marks and citation omitted). Put another way, such "relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief." *Id.* (internal quotation marks and citation omitted). "[T]o obtain relief under Rule 60(b)(6), he must show, *inter alia,* 'extraordinary circumstances' which, the Supreme Court has indicated 'will rarely occur in the habeas context.'" *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. at 535).

      The defendant's motion utterly fails to show extraordinary circumstances to justify the reopening of his final § 2255 judgment. Any error in not providing the sentencing hearing transcript was a matter the defendant could have raised in a direct appeal of his § 2255 denial. *United States v. Marizcales-Delgadillo*, 243 Fed. Appx. 435, 440 (10th Cir. 2007) ("Allegations of error that could have been raised on direct appeal generally are not the sort of extraordinary circumstances that entitle a litigant to relief

under Rule 60(b)(6). *See Zurich* [*North America v. Matrix Service, Inc.*], 426 F.3d [1281] at 1289 [(10th Cir. 2005)] ("'Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.')." Nor is there anything in the district court's rulings on the sentencing transcripts that offend justice. The defendant was correctly informed and provided with the requirements for obtaining a sentencing transcript.[6] The court afforded the defendant the additional time and an opportunity to make that showing, but the defendant failed to do so. (Dk. 378). The defendant let that deadline pass without any further attempts at complying with the requirements of 28 U.S.C. § 753. The defendant never offered or demonstrated any need for the sentencing hearing transcript. The defendant sought no further extensions of time. The court had allowed the defendant nearly seven months to file a memorandum in support of his motion laying out some grounds and details for his generic claim of ineffective assistance of sentencing counsel. The court had no choice but to deny the § 2255 motion for lacking any specific arguments or

---

[6]The defendant made no attempt at showing that this sentencing hearing transcript was necessary to decide the issues presented by his motion. *See Brown v. New Mexico District Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar. 19, 1998) (Table) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality). The right to a free transcript does not arise from the simple desire to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992). A naked assertion of ineffective assistance of counsel without supporting factual allegations will not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319.

7

grounds for relief. The defendant's Rule 12(b)(6) motion fails to show how the lack of a sentencing transcript prevented or prejudiced him from making or, at least, articulating the same sentencing challenges he now offers.[7] The court finds the defendant is not entitled to any relief under Rule 12(b)(6).

The district court's denial of the defendant's "true" Rule 60(b)(6) motion is subject to the certificate of appealability requirement. *United States v. Cleaver*, 319 Fed. Appx. 728, 2009 WL 903408 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1555 (2010). Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. Such a certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). As the above ruling shows, no reasonable jurist would debate that the defendant's arguments should have been resolved differently or that the issues are

---

[7]Indeed, the transcript confirms that the sentencing court had treated the sentencing guidelines as advisory consistent with *Booker*, that the court had decided defense counsel's objections to the drug quantity determination and the firearm enhancement, and that the court had addressed the different § 3553(a) factors, including the defendant's status as an illegal alien.

8

worthy of more consideration. The court will not issue a certificate of appealability for this order.

The balance of the defendant's motion is not a "true" Rule 12(b)(6) motion, as the arguments attack only his sentence and his counsel's effectiveness at sentencing and on appeal in challenging it. The arguments "in substance or effect assert[] or reassert[] a federal basis for relief from the petitioner's underlying conviction" or sentence, so they constitute a second or successive petition. *In re Lindsey*, 582 F.3d at 1175. The court is without jurisdiction to consider the remaining arguments in that they are a second or successive § 2255 motion. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir.2006). To file a second or successive § 2255 motion in the district court, the movant must first seek and obtain prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3). Because he has failed to obtain, or even seek, that permission, this court may transfer the case to the Tenth Circuit if "it is in the interest of justice to do so." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). If it is not in the interests of justice to transfer the case, however, this court must dismiss the case for lack of jurisdiction because it has no authority to entertain second or successive § 2255 motions unauthorized by the court of appeals. *Id.* Due to the circumstances surrounding the court's denial of the first § 2255 motion, the court finds the interest of justice support transferring the case to the Tenth Circuit for a determination under 28 U.S.C. § 2244(b)(3).

IT IS THEREFORE ORDERED that the defendant's motion pursuant to Fed. R. Civ. P. 60(b)(6) for relief (Dk. 399) from his § 2255 judgment is a "true" Rule 60(b)(6) motion insofar as he challenges the denial of a sentencing hearing transcript and the denial of his motion without his filing of a supporting memorandum, and it is denied;

IT IS FURTHER ORDERED that a certificate of appealability on this ruling on the Rule 60(b)(6) motion is denied;

IT IS FURTHER ORDERED that the balance of the defendant's motion for relief from final judgment (Dk. 399) is an unauthorized second or successive § 2255 motion that is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631;

IT IS FURTHER ORDERED that the Clerk of the Court shall forward a copy of the defendant's Rule 60(b)(6) motion (Dk. 399) to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk also shall send a copy of this Memorandum and Order to the defendant and to the local office of the United States Attorney.

Dated this 19th day of April, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge